DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Michael Keiner and four other men spent a month at a hotel in Twinsburg. When they left without paying and Mr. Keiner failed to respond to a bill sent to the business address he had supplied, the hotel informed police. A jury found Mr. Keiner guilty of grand theft. This Court affirms because the jury's verdict is supported by sufficient evidence and is not against the manifest weight of the evidence.
 SUFFICIENT EVIDENCE {¶ 2} Mr. Keiner's first assignment of error is that the trial court incorrectly denied his motion for acquittal at the close of the State's case. Under Rule 29(A) of the Ohio Rules of Criminal Procedure, a defendant is entitled to acquittal on a charge against him "if the evidence is insufficient to sustain a conviction. . . ." Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. State v. Thompkins, *Page 2 78 Ohio St. 3d 380, 386 (1997). This Court must determine whether, viewing the evidence in a light most favorable to the prosecution, it would have convinced an average juror of Mr. Keiner's guilt beyond a reasonable doubt. State v. Jenks, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).
 {¶ 3} Mr. Keiner was convicted of violating Section 2913.02(A)(3) of the Ohio Revised Code. That section provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services . . . [b]y deception." R.C. 2913.02(A)(3). If the value of the property or services taken is more than $5000 but less than $100,000, a violation of Section 2913.02(A)(3) is grand theft, a fourth degree felony. R.C. 2913.02(B)(2).
 {¶ 4} "Deprive," as used in Section 2913.02(A), is to "[a]ccept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return . . . and without reasonable justification or excuse for not giving proper consideration." R.C. 2913.01(C)(3). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Therefore, if Mr. Keiner was "aware that his conduct [would] probably" result in his obtaining unauthorized services from the hotel, he "knowingly" committed theft. R.C. 2901.22(B).
 {¶ 5} The manager of the hotel where Mr. Keiner and the other four men stayed testified that, when Mr. Keiner checked in, he filled out a direct billing request form. On it, he listed Bilt Rite Construction Company as the organization to be billed. The address he gave for Bilt Rite was later determined to be his home address. In response to a request for Bilt Rite's *Page 3 
bank, he listed Bank of America, at which Bilt Rite apparently had opened an account, but which the bank had closed because, while money was withdrawn from the account, no money was ever deposited in it. Under a request for entities with which Bilt Rite had a credit relationship, Mr. Keiner listed Carpet Gallery, at which Bilt Rite apparently did not have an account, and RSC Equipment Rental, at which Bilt Rite had had an account for one month, but which RSC had closed because Bilt Rite owed it $3300.
 {¶ 6} The manager testified that, during the month Mr. Keiner and the other four men stayed at the hotel, they changed rooms a number of times, but occupied three rooms each night. She further testified that, at some point during their stay, she realized that the hotel did not have an imprint of a credit card on file for the rooms, and she began asking Mr. Keiner to stop by the desk to supply one. She testified that she talked with him on his cell phone three times, plus left "up to six messages" for him. Although he agreed to stop by the desk, he never did so.
 {¶ 7} After the manager had been trying to get Mr. Keiner to stop by the desk for about ten days, she learned from her housekeeping staff that it appeared as though Mr. Keiner and his companions were no longer using the rooms. She prepared a bill for $6905.48 and left a copy in the room Mr. Keiner had been using. He never returned to the hotel, and she sent a copy of the bill to the address he had supplied for Bilt Rite on the credit application. The hotel never received a payment on the bill.
 {¶ 8} Robert Collins testified that he was employed by Mr. Keiner for about three months. During the last month of that employment, he, Mr. Keiner, and three other of Mr. Keiner's employees stayed at the hotel in Twinsburg while they worked at a house in Westlake. He testified that Mr. Keiner had told him that he, Mr. Keiner, was taking care of the hotel bill. *Page 4 
He further testified that he and the other three men quit their jobs with Mr. Keiner and left the hotel because Mr. Keiner had not been paying them.
 {¶ 9} The evidence was sufficient for the jury to find that Mr. Keiner knowingly deprived the hotel of services by deception. The jury could have properly inferred from Mr. Keiner's completion of the direct billing request, including the listing of a bank in which he had never deposited any money and an entity with which he had never had an account, that he never intended to pay for the rooms he and his employees used. That inference is supported by the fact that, while he agreed to stop at the desk so an imprint of a credit card could be taken, he never did so and left the hotel without telling the staff that he was checking out.
 {¶ 10} The trial court did not err by denying Mr. Keiner's motion for directed verdict. His first assignment of error is overruled.
 MANIFEST WEIGHT {¶ 11} Mr. Keiner's second assignment of error is that his conviction is against the manifest weight of the evidence. When a defendant argues that his conviction is against the manifest weight of the evidence, this Court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten, 33 Ohio App. 3d 339, 340 (1986).
 {¶ 12} Mr. Keiner did not call any witnesses in his defense. The only evidence to review, therefore, is the evidence presented by the State. Having reviewed that evidence, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice by *Page 5 
determining that Mr. Keiner knowingly deprived the hotel of services by deception. His second assignment of error is overruled.
 CONCLUSION {¶ 13} Mr. Keiner's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. His assignments of error are overruled, and his conviction is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to appellant. *Page 6 
 CARR, P. J. SLABY, J. CONCUR. *Page 1